IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| NU PAGAMENTOS S.A., <br><br> Plaintiff, <br><br> v. <br><br> NUBANK.COM, <br><br> Defendant. | Civil Action No. <br> _____ <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Nu Pagamentos S.A. ("Nubank" or "Plaintiff"), by its undersigned attorneys, brings this Complaint against Defendant Nubank.com ("Domain Defendant") for cybersquatting under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. §1125(d).

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over Nubank's claims pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338(a) because the claim arises under the Lanham Act, 15 U.S.C. § 1125(d).

2. This Court has *in rem* jurisdiction over the Domain Defendant pursuant to 15 U.S.C. § 1125(d)(2)(A) because NUBANK.COM is registered using a privacy service so Nubank is unable to confirm the identity of the registrant.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and 15 U.S.C. § 1125(d)(2)(A) and (C) because the registrar for the NUBANK.COM domain is Networks Solutions, LLC with its principal office located in this judicial district at 12808 Gran Bay Parkway West, Jacksonville, FL 32258.

## THE PARTIES

4. Nubank is a corporation based in Brazil with a principal place of business at Rua Capote Valente 39, São Paulo, Brazil 05409-000.

5. Domain Defendant is a .com domain that registered through the registrar Network Solutions, LLC.

## FACTUAL BACKGROUND

6. Nubank is the leading financial technology ("fintech") company in Latin America and the largest independent neobank in the world, with more than 30 million clients.

7. Its first product, launched in 2014, is an international, no-fee credit card that is fully managed by a mobile app and used by more than 15 million customers. Almost 36 million Brazilians have requested its products.

8. In 2017, Nubank launched its proprietary loyalty rewards program ("Nubank Rewards"), as well as a digital account ("NuConta") that is already used by more than 20 million people.

9. Nubank also has a personal loan product and over the last year has taken its first steps in international expansion, opening offices in Mexico and Colombia.

10. To date, Nubank has raised more than US $900 million in seven equity investment rounds. Nubank's current valuation is estimated at US $25 billion.

11. In 2019, Nubank was elected as the most innovative company in Latin America by Fast Company and in 2018 ranked no. 36 on Fast Company's 50 Most Innovative Companies ranking.

12. Today, Nubank offers consumers various financial and banking options, including digital deposit accounts, international credit cards, personal loans, bill pay services, and life insurance.

13. Nubank's goods and services are provided and used under and by reference to the well-known mark NUBANK®.

14. Nubank is the owner of numerous trademark registrations for the mark NUBANK® around the world including, inter alia, U.S. Trademark Registration No. 6,297,728 (i.e. the " '728 Registration") for the mark NUBANK® in connection with the following services: *Banking services; Online banking; Online banking services by remote access, namely, home banking via Web-based or mobile banking applications; Credit card services, namely, issuance and administration of credit card; Debit card services, namely, issuance and administration of debit card; Financial consultation; Issuance of credit cards; Financial information and*

*advisory services; Electronic funds transfer; Foreign exchange transactions; Saving bank services*.  See '728 Registration certificate attached hereto as **Exhibit A**.

15. The '728 Registration entitles Nubank to the exclusive right to use the mark NUBANK® nationwide in connection with the services set forth within the registration.

16. Nubank's trademark appears on goods, labels, packaging, advertising, promotional and collateral materials, as well as on its official website, https://nubank.com.br.

17. Nubank has engaged in substantial marketing of its goods and services, including through online, leaflets, brochures, and other promotional and advertising materials.

18. Overall, Nubank has continually used its trademark in connection with its goods and services that have been advertised and promoted around the world, including the United States. For example, in the United States, there is extensive usage of Nubank-issued credit cards by customers, Nubank's marks and products have been advertised on the Nasdaq billboard in New York City, and many of Nubank's investors are based in the United States.

19. Through Nubank's extensive promotion efforts, the NUBANK® mark has become associated with Nubank as the source of goods and services offered in connection with the mark.

## DEFENDANT'S CONDUCT

20.  A personal named George Daniel Hudson Jr. claims to be the owner of NUBANK.COM.  However, due to a privacy service that blocks public information about the registrant under the WHOIS database, Nubank is unable to confirm whether Mr. Hudson or some other person or entity is the owner of the NUBANK.COM domain.  *See* WHOIS database domain listing for the NUBANK.COM domain, attached hereto as **Exhibit B.** While the domain was originally registered in 1997, upon information and belief, the domain was renewed in or around November 2020.

21.  The NUBANK.COM domain has been used for a website that functioned merely as a landing page that linked to websites of other companies that compete with Nubank, including, for example, links to the website for Eastern Bank and to websites designed to assist users in searching for credit card options.  *See* screenshot of the webpage associated with the NUBANK.COM domain, attached as **Exhibit C.**

22.  However, in 2020, the webpage associated with the NUBANK.COM domain was modified to include the logo depicted below:



23. The logo wholly incorporates Nubank's registered mark and copies elements of logos used by Nubank, including the confusingly similar purple color incorporated into the logo.

24. Overall, the registrant does not use the domain for any legitimate purpose other than to hold ownership of a ".com" domain that incorporates Nubank's mark and to confuse consumers and to cause them to falsely associate NUBANK.COM with Nubank. The recent renewal of the registration for the domain name was in bad faith with the goal of holding it so that Nubank could not acquire it and use it for legitimate business purposes.

25. Because NUBANK.COM is almost identical to Nubank's domain name, customers of Nubank unintentionally visit the NUBANK.COM domain.

26. Despite Nubank's efforts and due diligence to obtain information on the registrant, as of the date of this Complaint, Nubank has been unable to confirm the individuals and/or entities associated with the Domain Defendant because the identity is blocked by a privacy service.

27. The use of the identical and/or confusingly similar NUBANK and/or other related marks in connection with the NUBANK.COM is likely to cause actual confusion in the marketplace as to source, origin, sponsorship and/or affiliation with Nubank and its distinctive marks.

28. Upon information and belief, NUBANK.COM was registered in bad faith, as the domain uses a webpage that incorporates a mark that is confusingly similar to Nubank's marks.

29. Upon information and belief, the registrant had and continue to have no legitimate reason or good faith basis for registering NUBANK.COM and it was the registrant's intent in registering NUBANK.COM to profit from the goodwill and value associated with Nubank's NUBANK® mark and other related marks.

## COUNT I
## Anticybersquatting Consumer Protection Act
## (15 U.S.C. §1125(d))

30. Nubank specifically incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

31. Nubank engages in interstate activities designed to promote its goods and services, as well as the goodwill associated with its trademark.

32. The mark NUBANK® has been, and will continue to be, known throughout the United States and around the world as identifying and distinguishing Nubank's business.

7

33. Without authorization or consent, the registrant incorporates the NUBANK® mark in the domain name NUBANK.COM.

34. Upon information and belief, the registrant has used and continue to use the NUBANK.COM domain in bad faith and for the purposes of profiting from the goodwill and value associated with Nubank and its marks.

35. The registrant registered, traffics in, and uses a domain name is confusingly similar or dilutive of the NUBANK® mark, which, at the time of the registration of the NUBANK.COM domain name, was distinctive and/or famous within the meaning of 15 U.S.C. §1125(d)(1)(A)(ii).

36. As a direct and proximate result of the registrant's cybersquatting and other acts alleged herein, Nubank has been and continues to be harmed in its business and property, and has sustained and will continue to sustain damage to its business, goodwill, and reputation.

37. Nubank is entitled to the transfer of the NUBANK.COM domain under 15 U.S.C. § 1125(d)(1)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Nubank respectfully requests that this Court:

i. Enter judgment in favor of plaintiff Nubank on the count asserted herein and award Nubank all damages caused by the acts forming the basis of this Complaint as allowed by law.

ii.      Order the registrant of Domain Defendant to pay Nubank's the cost of this action and Nubank's reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a).

iii.      Order that the registrant forfeits the NUBANK.COM domain and order transfer of ownership of the same to Nubank.

iv.      Award Nubank such further relief as it deems just, proper, and equitable.

## JURY DEMAND

Nubank demands a trial by jury on all issues so triable.

Respectfully submitted this 13th day of May, 2021.

        */s/ Alycia Ziarno*
        Alycia Ziarno (Bar No. 96718) – Lead Counsel
        aziarno@nixonpeabody.com
        David L. May
        (*pro hac vice forthcoming*)
        dmay@nixonpeabody.com
        NIXON PEABODY LLP
        799 9th Street NW, Suite 500
        Washington, DC 20001
        T: (202) 585-8000
        F: (202) 585-8080

        Matthew T. McLaughlin
        (*pro hac vice forthcoming)*
        mmclaughlin@nixonpeabody.com
        Tarae L. Howell
        (*pro hac vice forthcoming*)
        thowell@nixonpeabody.com
        NIXON PEABODY LLP
        Exchange Place
        53 State Street

Boston, MA 02109
Tel. (617) 345-1000
Fax (617) 345-1300

*Attorneys for Plaintiff Nu Pagamentos S.A.*